■ JOHN SCHMITT, Appellant-Respondent, v CAROL SCHMITT,

Respondent-Appellant.—In an action for a divorce, the plaintiff husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Cannavo, J.), dated June 5, 1985, which determined that the marital premises was subject to equitable distribution and denied that branch of his motion which sought to dismiss the defendant's counterclaim for reformation of the separation agreement, and the defendant wife cross-appeals from so much of the same order as dismissed her counterclaim to impose a constructive trust.

Cross appeal dismissed, without costs or disbursements, for failure to perfect in accordance with the rules of this court (22 NYCRR 670.20 [d], [f]).

Order modified, on the law, by deleting the provision denying that branch of the plaintiff's motion which was to dismiss the defendant's counterclaim for reformation of the separation agreement, and substituting therefor a provision granting that branch of the motion. As so modified, order affirmed insofar as appealed from, without costs or disbursements.

Special Term properly determined that the property in question, acquired during the marriage and before a separation agreement was signed or a matrimonial action was commenced, was a marital asset subject to equitable distribution (Domestic Relations Law § 236 [B] [1] [c]; [3]).

However, an action for reformation of a contract is governed by the six-year Statute of Limitations (CPLR 213 [1]). The defendant's counterclaim to reform the separation agreement was not brought until 1985, some 7½ years after the parties entered into the agreement. Therefore, that counterclaim was time barred and should have been dismissed. Lazer, J. P., Mangano, Lawrence and Kooper, JJ., concur.